IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| BOBBY JOE GRUNDY and<br>B. J.'S GARAGE, Inc., | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | ) | CV 99-BU-2079-M |
| GARY WILBANKS, et al., | )<br>)<br>) | |
| Defendants. | ) | |

**ENTERED**
MAR 1 6 2001

## MEMORANDUM OPINION

Plaintiff Bobby Joe Grundy, an Alabama prisoner serving a sentence of imprisonment for life without possibility of parole, filed this *pro se* civil action pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et seq.*[1] In his complaint, Grundy alleges that fourteen named defendants have "conspire[d] . . .to extort, take, defraud, and bribe plaintiff's [sic] and other people of African descent of real and or personal property located in Morgan County, Al[abama,] in direct violation of Tit[le] 18 U.S.C. Sec. 1962." Complaint (Document #1) at 2. He seeks money damages and an order "directing [Defendant] Wilbanks to divest himself of any and all interest in the real and personal property made the subject of this action."[2] Complaint at 6.

---

[1] Plaintiff B. J.'s Garage, Inc., was a business operated by Plaintiff Grundy prior to his incarceration.

[2] Grundy also asks that the Court "refer the matter to the Justice Department for investigation and criminal prosecution." A private citizen, however, has no "judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) This Court is therefore without authority to grant this particular relief. *See Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987).

In an order entered September 29, 2000 (Document #40), the Court granted the motions for summary judgment filed by seven of the defendants -- Jack Caddell, Bobby Day, Thomas A. Caddell, Pat Orr, Glenn Thompson, Sherrie Brown, and Steve Haddock -- and dismissed with prejudice the claims against those defendants. In an order entered October 31, 2000 (Document #42), the Court dismissed this action without prejudice pursuant to FED. R. CIV. P. 4(m) as to four additional defendants -- A.B. Bonding Company, Inc., Louis Vaughn, Geneva Vaughn, and Scott Slate.

On October 3, 2000, the Court moved, *sua sponte*, for summary judgment on Plaintiff's claims against the three remaining defendants -- Gary Wilbanks, Joseph W. Propst, and John Sims (Document #42). By that same order, the parties were provided time to file evidence or materials in opposition to or in favor of such motion. On October 23, 2000, Plaintiff Bobby Joe Grundy filed an opposition (Document # 44) to the Court's motion accompanied by his affidavit and pertinent documents. On November 6, 2000, Defendant Sims filed his affidavit in response to Plaintiff's opposition (Document #50). Defendants Wilbanks and Propst have not filed responses to Plaintiff's opposition.

## SUMMARY JUDGMENT STANDARD

In considering a motion for summary judgment, the Court must determine whether the moving party is entitled to judgment as a matter of law. Summary judgment is appropriate only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. In making that assessment, the court must view the evidence in a light most

favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990), *cert. denied*, 498 U.S. 1103 (1991). As the Court of Appeals for the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

*Bennett v. Parker*, 898 F.2d at 1532 (citation omitted).

## FACTUAL BACKGROUND

Plaintiff Grundy's father, Murel Stevenson, owned seven tracts of land in Morgan County, Alabama, which Plaintiff either purchased or "assisted" in purchasing. Complaint (Document #1) at 3; Plaintiff's Affidavit (Document #45 at 1. Plaintiff "found[ed] and operated a business and built several houses" on this property. Plaintiff's Affidavit at 1. When Stevenson died, Grundy "became the joint heir with Ruth Stevenson [Stevenson's estranged wife] to Murel Stevenson's property." Complaint at 3. (It appears that Stevenson died intestate.) In 1995, Ruth Stevenson filed an action in state court seeking a sale for division of the property she and Grundy owned jointly. *See* Records of CV 95-500075, Attachment to Brown Affidavit (Exhibit C to Document #19). Mrs. Stevenson was represented in this action by attorney Thomas A. Caddell (one of the seven defendants whose motion for summary judgment were granted September 29, 2000). T. Caddell Affidavit (Attachment to Document #30) at 1. The suit for division was ultimately tried before Morgan County Circuit Judge Steven Haddock (another of the seven defendants whose motions for summary judgment were granted on September 29, 2000). *Id*. at 2. On August 4, 1997, Judge Haddock entered a judgment finding that Grundy and Mrs. Stevenson owned the property as tenants in common, with each having a one-half interest, and ordering the Clerk of the Court to sell the property at a public auction for division of the proceeds. Orr Affidavit (Exhibit A to Document #19), Attachment 10.

In accordance with the judgment entered by Judge Haddock, Pat Orr (another of the seven defendants whose motions for summary judgment were granted on September 29, 2000), as Clerk of the Circuit Court of Morgan County, sold the property at a public auction held on September 8, 1997. Orr Affidavit. At the auction, Orr explained that the highest bidder must deliver cash or

certified funds to his office by 4:30 p.m. that same day "and if the funds were not in [his] office by 4:30 p.m. the said property would be offered to the next highest bidder." Orr Affidavit, Attachment 3. The highest bidder at auction was Lois Bouldin, with a bid of $43,500. When Ms. Bouldin failed to deliver the required funds to Orr's office by 4:30 p.m. September 8, 1997, Orr offered the property to Defendant Wilbanks, who had the second highest bid at $43,000. Defendant Wilbanks apparently delivered the required funds to Orr's office as Orr filed a "Report of Non-Compliance" setting forth the above facts and stating that he was "holding the said funds in his possession pending further orders of this Court." *Id*. On September 22, 1997, Judge Haddock entered an order finding that Ms. Bouldin had "failed to comply with the terms of the sale held September 8, 1997," and ordering that the property be sold to Wilbanks as the next highest bidder. Orr Affidavit, Attachment 4. This order further directed Orr to disburse the funds and complete the sale. According to plaintiff, Defendant Wilbanks "hired Defendant Propst and eventually purchased the property." Plaintiff's Affidavit at 2.

In a report to Judge Haddock dated September 26, 1997 (Orr Affidavit, Attachment 6), Orr stated that he had ascertained that $4,300 was a reasonable fee to be paid attorney Thomas A. Caddell for his representation of Mrs. Stevenson, the plaintiff in the division action. Orr further certified that filing fees, the cost of advertising the sale, and court costs were also due to be paid out of the proceeds of the sale, leaving a balance of $36,665.78 to be disbursed to the parties. Orr then certified that, of this amount, $18,332.89 was payable to Mrs. Stevenson and the $18,332.89 due Plaintiff Grundy was payable as follows:

> $10,748.40 to Internal Revenue Service to satisfy outstanding tax amounts supported by lien notice filed as UCC No. 7572 on June 22, 1993, Morgan County Probate

       Office, and $3,720.00 to AB Bonding, Inc.[3] to satisfy its mortgage from Bobby Joe Grundy dated July 25, 1995, and recorded in Book 1572, Page 772, Morgan County Probate Office, with balance of $2,864.49 payable to Bobby J. Grundy.

Orr Affidavit, Attachment 6 at 2 (footnote added). Upon consideration of Orr's report, Judge Haddock entered a Final Judgment directing that the funds be disbursed in accordance therewith. Orr Affidavit, Attachment 7.

       Grundy, acting through one Eric Dancy to whom he had given a power of attorney, retained Defendant John Sims, an attorney practicing in Morgan County, to file an opposition to the sale of the property. Sims Affidavit (Document #50) at 1-2; Plaintiff's Affidavit at 2. Sims filed the opposition to the sale and appeared in court on Grundy's behalf on two occasions. On October 14, 1997, after the sale of the property was confirmed by the court, Defendant Sims wrote a letter to Eric Dancy concerning the fees necessary to perfect an appeal. Grundy ultimately represented himself in the appeal. Sims Affidavit at 2. The Alabama Court of Civil Appeals affirmed the judgment without published opinion and Grundy's petition for a writ of certiorari was denied by the Alabama Supreme Court. T. Caddell Affidavit at 2.

## DISCUSSION

       Plaintiff Grundy has repeatedly asserted throughout his pleadings filed in this case that the Defendants have "conspired" to extort, bribe, and defraud him and other individuals in violation of RICO. He also asserts that Wilbanks

---

[3] As noted above, this action was dismissed without prejudice as to A.B. Bonding Company, Inc., pursuant to FED. R. CIV. P. 4(m). It appears that Defendant Wilbanks either owns, works for, or otherwise has some connection with A. B. Bonding Company, Inc. Thompson Affidavit (Exhibit B to Document # 19) at 1.

>conspired with Propst [and] Sims and other defendants and falsely represented that he had a security interest in the property and had $3,720.00 paid to him out of the proceeds of the sale. Wilbanks subsequently confiscated all of Plaintiff's personal property and Plaintiff's automotive business and did sale all of the vehicles, tools, and equipment, and allowed other individuals to steal [Plaintiff's] personal property.

Plaintiff's Affidavit at 2.

Under the RICO statute, it is "unlawful for any person employed by or associated with any enterprise . . . to conduct . . . such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). In order to prove a RICO violation, a plaintiff "must show 1) that there were two or more predicate offenses; 2) that an 'enterprise' existed; 3) that there was a nexus between the pattern of racketeering activity and the enterprise; and 4) that an injury to business or property occurred as a result of the above three factors." *VanDenBroeck v. CommonPoint Mtg. Co.,* 210 F.3d 696, 699 (6th Cir. 2000). *See also Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985). "Racketeering activity" is defined in 18 U.S.C. § 1961(1) to mean certain specified predicate offenses or acts, which include extortion, bribery, and specific types of fraud.

It is also "unlawful [under RICO] for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of [§ 1962]." 18 U.S.C. § 1962(d). "The core of a RICO civil conspiracy is an agreement to commit predicate acts." *Hecht v. Commerce Clearing House, Inc.,* 897 F.2d 21, 25 (2d Cir.1990). A plaintiff alleging a civil RICO conspiracy must allege not only facts establishing that the defendants entered into an agreement to commit predicate acts, but also must allege facts demonstrating that the defendants knew that the acts were part of a pattern of racketeering activity. *Glessner v. Kenny,* 952 F.2d 702, 714 (3d Cir.1991), *overruled on other grounds, Jaguar Cars, Inc. v. Royal Oaks Motor Car Co., Inc.,* 46 F.3d 258 (3d Cir.1995); *Miranda v. Ponce Fed. Bank,* 948 F.2d 41, 47 (1st Cir.1991).

7

In the present case, the evidence establishes that property held jointly by Grundy and Mrs. Stevenson was sold for division and that the property was sold to Defendant Wilbanks. The evidence also establishes that Defendant Sims represented Plaintiff for at least some part of the legal proceedings related to the sale of the property. It is clear that Plaintiff is displeased both with the result of the auction and with the representation he received from Defendant Sims and that he believes that Defendant Wilbanks has committed fraudulent acts. There is absolutely no evidence, however, that Defendants Wilbanks, Propst, and Sims knowingly entered into a conspiracy for the purpose of committing a predicate act under RICO. Plaintiff's "conclusory, vague, and general allegations of a criminal conspiracy [simply] do not . . . suffice to establish that the defendants participated in a 'pattern of racketeering activity' as prohibited by RICO." *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999). Even a *pro se* plaintiff "must allege facts, not legal conclusions." *Hanson v. Town of Flower City*, 679 F.2d 497, 504 (5th Cir. 1982). Because there is no evidence that any of the three remaining Defendants entered into an agreement to commit predicate acts of racketeering, these three Defendants are entitled to summary judgment in this action.

## CONCLUSION

Based on the foregoing, the Court's motion for summary judgment on Plaintiff's claims against Defendants Gary Wilbanks, Joseph W. Propst, and John Sims is due to be granted. The Court expressly finds that there are no disputed issues of material fact and that these Defendants are entitled to judgment as a matter of law.

The Court will enter a Final Judgment contemporaneously herewith in accordance with this Memorandum Opinion.

DONE this 16th day of March, 2001.

_____
H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE